**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

LARRY KLAYMAN,

Plaintiff,

v.

UNITED STATES OF AMERICA, DR. JILL TRACY JACOBS BIDEN, and THE FLORIDA DEMOCRATIC PARTY,

Defendants.

Case No. 4:25-CV-00023-AW-MAF

**DR. JILL TRACY JACOBS BIDEN'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendant Dr. Jill Tracy Jacobs Biden files this response in opposition to Plaintiff Larry Klayman's motion for leave to file a second amended complaint, ECF No. 18. Klayman's motion should be denied for any of three independent grounds: futility, bad faith, or undue delay.

## I. LEGAL STANDARD

Although "[t]he court should freely give leave" to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[l]eave may be denied" for various reasons, including "futility of amendment," "bad faith," or "undue delay," *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005). District courts

exercise "'extensive discretion' to decide whether or not to allow a party to amend a complaint." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) ("[T]rial courts have broad discretion in permitting or refusing to grant leave to amend.").

## II. ARGUMENT

Klayman's motion for leave to amend his complaint for the second time should be denied because (1) amendment would be futile, (2) Klayman's continued pursuit of this frivolous litigation demonstrates bad faith, and/or (3) Klayman unduly delayed in seeking leave to amend.

### A. Klayman's Motion Should Be Denied Because Amendment Would Be Futile

"Amendment would be futile when a proposed amended complaint would still be dismissed." *Swinford v. Santos*, 121 F.4th 179, 192 (11th Cir. 2024).

As explained in Dr. Biden's motion to dismiss, ECF No. 13, Klayman's current complaint, ECF No. 1-1, is frivolous and subject to dismissal for a host of reasons. First, this Court lacks subject matter jurisdiction because (a) Klayman raises a generalized grievance and thus lacks standing, *see FDA v. All. for Hippocratic Medic.*, 602 U.S. 367, 381 (2024), and (b) his claims are moot since the 2024 election is over, *see Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1296–98 (11th Cir. 2018). Second, this Court lacks personal jurisdiction over Dr. Biden, who directed no misrepresentations into Florida and has no alleged Florida connections. *See*

*Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). Third, Klayman's threadbare recitals and conclusory claims of fraud fail even to satisfy the ordinary pleading standard, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), much less the applicable, more exacting standard imposed by Federal Rule of Civil Procedure 9(b), *see Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020).

Klayman's proposed second amended complaint, *see* ECF No. 18, solves none of these problems. Klayman acknowledges that the second amended complaint would not make a single change to his substantive allegations: "The proposed Second Amended Complaint simply updates the relief sought by Mr. Klayman given the fact that the 2024 Presidential election has already occurred." ECF No. 18 at 2. The proposed update is to request an injunction "barring Defendants Harris and Biden from appearing on Florida's ballots should she [sic] run for any national office in the future, including but not limited to for President of the United States of America." *Id.* at 30 (prayer for relief).[1] That perfunctory attempt to evade mootness

---

[1] Klayman also proposes to add assertions that the official defendants are being sued in their individual capacities "for conduct occurring before January 20, 2021," ECF No. 18 at ¶¶ 60, 77, 88, 117, and to assert a separate, redundant cause of action against the United States for "conduct occurring on or after January 20, 2021," *id.* at ¶¶ 118–29. Such assertions would add no new facts nor cure any of the jurisdictional and pleading defects in Klayman's First Amended Complaint. Furthermore, as this Court already observed, *see* ECF No. 12 at 4 n.3, Klayman's proposal to allege claims based on supposed conduct predating President Biden's inauguration would

would be futile. Klayman lacks standing to seek an injunction barring President Biden or Vice President Harris from appearing on some theoretical future ballot because there is no "real and immediate—as opposed to a merely conjectural or hypothetical" possibility that either of them will run for national office again. *Duty Free Ams., Inc. v. Estee Lauder Cos., Inc.*, 797 F.3d 1248, 1271 (11th Cir. 2015).

Moreover, even if he could overcome mootness, Klayman would still be asserting a generalized grievance, *see Hippocratic Medic.*, 602 U.S. at 381, against a defendant over whom this Court lacks personal jurisdiction, *see Waite*, 901 F.3d at 1312, based on conclusory claims of fraud that do not meet the pleading standard, *see Cisneros*, 972 F.3d at 1216. Amendment would be futile.

Amendment would also be futile because Dr. Biden's motion to dismiss, ECF No. 13, is now unopposed and should be granted. Dr. Biden filed that motion on March 20, 2025, *id.*, and Klayman's response was due by April 3, 2025, N.D. Fla. Loc. R. 7.1(E). Klayman sought a "fourteen (14) day extension of time to file a response in opposition," ECF No. 16 at 1, which this Court granted, extending Klayman's "deadline to respond to the motion to dismiss" to April 17, 2025, ECF No. 17. Klayman did not seek or receive additional time to file a motion to amend in lieu of an opposition to dismissal, and because he did not file a timely opposition,

contradict his proposal to allege that "Defendant Joseph Biden was at all material times President of the United States," ECF No. 18 at ¶ 6.

Dr. Biden's motion to dismiss may be granted "by default." N.D. Fla. Loc. R. 7.1(H); *see also Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (where plaintiff failed to respond to supplement to motion to dismiss, district court could have dismissed action pursuant to local rule); *Walker v. Fla. State Univ. Sch.*, No. 4:04-cv-144, 2004 WL 3135466, at *1 (N.D. Fla. Dec. 30, 2004) ("Plaintiff's failure to respond [to motion to dismiss] provides sufficient cause to grant the motion[.]"). Because Dr. Biden's unopposed motion to dismiss should be granted, Klayman's motion to amend should be denied. *See Cohen v. Bd. of Trs. of Univ. of D.C.*, 307 F.R.D. 287, 291 (D.D.C. 2014) (plaintiff's "motion to file an amended complaint" was "properly denied in light of [his] failure to oppose the motion to dismiss").

### B. Klayman's Motion to Amend This Frivolous Lawsuit Evinces Bad Faith

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

That standard is satisfied here. As noted in Dr. Biden's motion to dismiss, Klayman is a serial abuser of the judicial system who has been reprimanded and disciplined by many courts. ECF No. 13 at 1–2. Consistent with his penchant for pursuing bad faith litigation, Klayman's claims in this suit are frivolous. *Cf. Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). Even

before the 2024 election, this Court lacked both subject matter jurisdiction over Klayman's claims and personal jurisdiction over Dr. Biden. When the 2024 election ended—and Vice President Harris did not prevail—Klayman knew this suit was moot and should have immediately moved to dismiss it. His attempt to soldier on confirms his bad faith effort to use the judiciary merely to harass leaders with whom he disagrees. That is sanctionable under both Florida's Anti-SLAPP statute, Fla. Stat. § 768.295(3), *see* ECF No. 13 at 27, and Federal Rule of Civil Procedure 11.

Klayman's tactics in connection with his motion to amend further evince his bad faith abuse of the process. Before filing that motion, Klayman never once suggested it was forthcoming and instead repeatedly indicated both to Dr. Biden and the Court that he merely needed additional time to oppose Dr. Biden's motion to dismiss. He made that representation four separate times:

1. On March 27, 2025, Klayman's associate emailed only one of Dr. Biden's attorneys of record and proposed a "thirty-day extension of time to respond to [Dr. Biden's] motion to dismiss." Decl. of Frederick S. Wermuth ("Wermuth Decl.") ¶ 3; *id.* Ex. A.

2. On March 31, 2025, Klayman filed a motion with the Court, seeking "a thirty (30) day extension of time to file a response in opposition to Defendant Jill Tracy Jacobs Biden's Motion to Dismiss." ECF No. 14 at 1.

3. On April 1, 2025, after the Court denied Klayman's extension request for failure to certify that he had met and conferred, ECF No. 15, Klayman called Dr. Biden's counsel and proposed a two-week extension of the deadline to oppose Dr. Biden's motion to dismiss, Wermuth Decl. ¶ 4. After the call, Dr. Biden's counsel followed up via email: "In follow up to our discussion, Dr. Biden does not oppose a two-week extension for your response to the motion to dismiss." *Id.*; *id.* Ex. B.

4. On April 1, 2025, after meeting and conferring, Klayman filed another extension motion, requesting "a fourteen (14) day extension of time to file a response in opposition to Defendant Jill Tracy Jacobs Biden's Motion to Dismiss." ECF No. 16 at 1.

Not once in those four representations did Klayman mention the possibility of filing a motion to amend in lieu of opposing Dr. Biden's motion to dismiss.

Nor did Klayman receive such leave. The Court granted him an extension of his "deadline to respond to the motion to dismiss." ECF No. 17. But after procuring that extension, Klayman failed to file the requisite opposition and instead filed a motion to amend. Courts need not countenance such "gamesmanship" by permitting amendment. *See Broadnax v. SSF Imported Audio Parts LLC*, No. 1:21-cv-295, 2022 WL 19974533, at *2 (N.D. Ga. Mar. 25, 2022); *Hammer v. Lee Mem'l Health*

*Sys.*, No. 2:18-cv-347, 2019 WL 5874070, at *6 (M.D. Fla. Aug. 5, 2019). Klayman's "bad faith" and "dilatory tactics" warrant denying his motion. *See In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014); *Andrx Pharm.*, 421 F.3d at 1236.

**C. Klayman Unduly Delayed in Seeking Leave to File a Second Amended Complaint**

"Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, *undue* delay may clearly support such denial." *Hester v. Int'l Union of Operating Engineers, AFL-CIO*, 941 F.2d 1574, 1578–79 (11th Cir. 1991) (citation omitted).

Klayman's delays here have been unjustified and undue. He filed this action in state court on July 10, 2024, over nine months ago, *see* ECF No. 1-3, and he filed his first amended complaint on July 24, 2024, ECF No. 1-1. Klayman admits that "the fact that the 2024 Presidential election has already occurred" mooted his request to remove President Biden or Vice President Harris from the 2024 ballot, *see* ECF No. 11 at 2; ECF No. 18 at 2, yet he offers no explanation for the fact that he waited three and a half months—from November 5, 2024 until February 21, 2025—before first moving to file a second amended complaint, ECF No. 11. "[T]here seems to be no good reason why [Klayman] could not have made the motion [to amend] earlier." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Nor does Klayman explain why he waited an additional month and a half—from March 4, 2025 until April 17, 2025—before refiling his

motion to amend after it was denied without prejudice. *See* ECF No. 12; ECF No. 18. Particularly given that he sought, and seeks, only to make minimal changes to "simply update[] the relief sought," ECF No. 11 at 2; ECF No. 18 at 2, Klayman's delays have been undue. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1015 (11th Cir. 2005) (plaintiff claimed that amendment was delayed by new Eleventh Circuit precedent but failed to explain why motion to amend was filed five months after that new precedent). That is yet another basis to deny his motion for leave to amend.

## III. CONCLUSION

Klayman's motion to amend his complaint fails for each of the foregoing reasons. The Court should deny the motion.

Dated: April 24, 2025

Respectfully submitted,

By: *s/ John C. Hueston*

jhueston@hueston.com
*Pro hac vice* (Dkt. No. 10)
Bram M. Alden
balden@hueston.com
*Pro hac vice* (Dkt. No. 8)
HUESTON HENNIGAN, LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
Tel.: (213) 788-4340

Frederick S. Wermuth
Florida Bar No. 0184111
fwermuth@kbzwlaw.com
Quinn Ritter
Florida Bar No. 1018135
qritter@kbzwlaw.com
KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.
25 East Pine Street
P.O. Box 1631
Orlando, FL 32802-1631
Tel.: (407) 422-2472
Fax: (407) 648-0161

*Counsel for Defendant*
*Jill Tracy Jacobs Biden*

**LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned certifies that this motion contains 2,045 words, excluding the case style, signature block, and certifications.

*s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of April 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111