**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LARRY KLAYMAN,**

     **Plaintiff,**

**v.**                                         **Case No. 4:25-cv-23-AW-MAF**

**UNITED STATES, et al.,**

     **Defendants.**

_____/

## FINAL ORDER

This court previously concluded Plaintiff Larry Klayman lacked standing to pursue his claims. ECF No. 26. It gave the parties an opportunity to show otherwise, *id.*, but none did. Accordingly, Klayman's claims will be dismissed.

The court's earlier order noted that when it lacks jurisdiction to consider claims that were removed from state court, the usual outcome is remand, not dismissal. ECF No. 26 at 4 (citing *Ladies Mem'l Ass'n v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022)). I noted that claims against the United States could not be remanded, and I said "it appears the only proper course of action is to dismiss claims against the United States for lack of standing and to remand the rest." *Id.* But having considered Jill Biden's response, I conclude § 2679(d)(2)'s "antishuttling command[]" precludes remand, even of the claims that the Westfall Act did not cover. *See Osborn v. Haley*, 549 U.S. 225, 243 (2007); *see also Kebaish v. Inova*

*Health Care Servs.*, 731 F. Supp. 2d 483, 487 (E.D. Va. 2010) (concluding a district court cannot remand state-law claims after certified claim is dismissed).

This case was removed pursuant to § 2679(d)(2), ECF No. 1, and *Osborn* held that "§ 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn*, 549 U.S. at 243. It is not that certain *claims* were removed; the *civil action* was removed. *See Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) (stating civil action "denotes the entirety of the proceedings in question, not merely those aspects involving discrete federal claims or parties"). And in this circumstance, I will not remand that action—or any part of it.

The clerk will enter a judgment that says, "Plaintiff's claims are dismissed without prejudice for lack of jurisdiction." Jill Biden's motion to dismiss (ECF No. 13) is GRANTED to the extent it sought dismissal for lack of standing. The Florida Democratic Party's motion to dismiss (ECF No. 23) is DENIED as moot. The motion for leave to amend (ECF No. 18) is DENIED as futile because, as the earlier order noted, the proposed amended complaint would not cure the jurisdictional defects. Jill Biden's request for fees and costs (*see* ECF No. 13 at 28) is deemed withdrawn (*see* ECF No. 27 at 3).

The clerk will close the file.

SO ORDERED on February 9, 2026.

s/ *Allen Winsor*
Chief United States District Judge